**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza as Chapter 7 Trustee*
**1350 Broadway, 11th Floor**
**New York, New York 10018**
**Tel (212) 216-8000**
**Fax (212) 216-8001**
**Robert Wolf, Esq.**
**Jill Makower, Esq.**
rwolf@tarterkrinsky.com
jmakower@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

PATHWAYS TO HOUSING NY, INC.,

　　　　　　　　Debtor.
-----------------------------------------------------------x

DEBORAH J. PIAZZA, as Chapter 7 Trustee
of Pathways To Housing NY, Inc.,

　　　　　　　　Plaintiff,

　　　– v –

TRISTATE APARTMENT FURNISHERS,

　　　　　　　　Defendant.
-----------------------------------------------------------x

**Chapter 7**

**Case No.: 15-10232 (MG)**

Adv. Pro. No. 16-_____ (MG)

**COMPLAINT**

### CHAPTER 7 TRUSTEE'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENCES PURSUANT TO 11 U.S.C. §§547(b) AND 550

Deborah J. Piazza, in her capacity as the Chapter 7 trustee (the "Trustee") of Pathways to Housing NY, Inc., the above-captioned Chapter 7 debtor (the "Debtor"), by her counsel, Tarter Krinsky & Drogin LLP, as and for her complaint against defendant Tristate Apartment Furnishers ("Defendant") for avoidance and recovery of preferential transfers pursuant to sections 547 and 550

of title 11, United States Code (the "Bankruptcy Code"), respectfully sets forth and alleges as follows:

## THE PARTIES

1. The Trustee is an attorney licensed in the State of New York and is the duly appointed Chapter 7 trustee of the Debtor. As such, the Trustee is authorized to assert the causes of action set forth herein, on behalf of the Debtor's estate.

2. Upon information and belief, Defendant is a company with an office address of 431 Timpson Place, Bronx, New York 10455.

## JURISDICTION AND VENUE

3. The United States District Court for the Southern District of New York (the "District Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a) and the Amended Standing Order of Reference dated January 31, 2012 of Chief Judge Loretta A. Preska of the District Court, this proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A) and (F). Since this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. This adversary proceeding is commenced pursuant to Bankruptcy Code sections 547 and 550, the general equity powers of the Bankruptcy Court, and Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. §1409(a).

## FACTUAL ALLEGATIONS

A.   **General**

7.   On January 30, 2015 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

8.   Shortly thereafter, Deborah J. Piazza was appointed as interim Chapter 7 Trustee of the estate, has since duly qualified as permanent trustee and is currently acting in such capacity.

B.   **The Debtor's Transactions with the Defendant**

9.   Prior to the Filing Date, the Debtor and the Defendant agreed that Defendant would provide the Debtor with certain goods and/or services.

### FIRST CLAIM FOR RELIEF FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§547 AND 550

10.   The Trustee repeats, reiterates and realleges each and every allegation contained in ¶¶ 1 through 9 with the same force and effect as if fully set forth herein.

11.   Prior to the Filing Date, the Debtor made the following transfers totaling $14,995.00 (the "Transfers") to the Defendant:

| Check Clear Date | Amount |
|---|---|
| 12/18/2014 | $5,282.00 |
| 12/24/2014 | $5,213.00 |
| 01/13/2015 | $4,500.00 |
| **TOTAL:** | **$14,995.00** |

12.   Each of the Transfers was a transfer of an interest of the Debtor in property.

13.   Each of the Transfers was made to or for the benefit of a creditor of the Debtor.

14. Each of the Transfers was made to Defendant and for the benefit of Defendant, which was a creditor of the Debtor.

15. Each of the Transfers was made within the 90 day period prior to the Filing Date.

16. Each of the Transfers was made for or on account of an antecedent debt owed by the Debtor before the Transfer was made.

17. Each of the Transfers was made while the Debtor was insolvent.

18. Upon information and belief, the Transfers enabled Defendant to receive more than Defendant would have received if (a) the Debtor's case was a case under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant had received payment of its debt to the extent provided by the Bankruptcy Code.

19. By reason of the foregoing, the Transfers constitute preferences avoidable under section 547 of the Bankruptcy Code.

20. Defendant is the initial transferee of the Transfers and/or the entity for whose benefit the Transfers were made.

21. Pursuant to §550(a)(1) of the Bankruptcy Code, once the Transfers are avoided, the Trustee is entitled to recover the Transfers from Defendant for the benefit of the Debtor's estate.

22. Based on the foregoing, the Trustee seeks an order avoiding the Transfers under section 547 of the Bankruptcy Code, and a judgment against Defendant in the amount of $14,995.00 pursuant to Bankruptcy Code section 550(a)(1).

**WHEREFORE**, the Trustee requests the following relief on her Complaint:

(a) on the First Claim for Relief, an order avoiding the Transfers under §547(b) of the Bankruptcy Code, and a judgment against Defendant in the amount of $14,995.00 pursuant to §550(a)(1) of the Bankruptcy Code; and

(b) such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 8, 2016

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as Chapter 7 Trustee*

By: /s/ Jill Makower
Robert A. Wolf
Jill Makower
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com
jmakower@tarterkrinsky.com